[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter-comes before the court by way of a Petition for paternity and other relief initiated by plaintiff mother ("mother") returnable September 26, 2000. The subject of the petition is a minor child, SAMUEL P. VORENKAMP, born to the mother in Bridgeport, Connecticut, on June 28, 1994. The child has resided with the mother in the state of Connecticut ever since his birth. Currently they live at 5 Kimberly Place, New Canaan. At the time of the child's birth, the parties were not then, nor at any time since, married to each other. In fact, they were co-workers when they initiated their relationship, and both of them were married to other persons. Each marriage ended in divorce, and the defendant father ("father") has since remarried. He has two grown sons by his previous marriage. The father has maintained a relationship with the child pursuant to pendente lite orders entered on October 2, 2000 and October 20, 2000, which were based upon agreements by and between the parties. In addition, the father has paid court-ordered child support in the amount of $1,250.00 per month since October 2, 2000. This order was entered without prejudice to either party. In fact, the mother has asked this court, as part of its final order, to award her an additional amount of child support retroactive to August 1, 2000, when the father moved out of her home. The principal issues before the court are the determination of an appropriate level of child support, and whether or not to apply the order retroactively, in whole or in part. CT Page 9023
The mother is forty-four years old, in good health, and is a graduate of Hofstra University with a Bachelor of Fine Arts. She has worked in the insurance industry during her entire career. Her area of practice is international insurance, and this requires some travel on her part. The child attends Y daycare after school, an expense borne by the mother. As of April 1, 2001, her base salary is $130,525.00 per year. She has regularly received annual bonuses of between $10,000 in 1997 and $15,000 in calendar year 2001. According to her testimony, her pregnancy, the birth of the child, and the fact that the father was in a supervisory capacity, resulted in several intra-company moves, as well as other negative effects. The father has since left the company. The parties lived together for some periods, finally separating in late July 2000. Up to that point, the father provided varying amounts of support in cash and in kind. It is during the period from the date of the final separation to the date of this order that the mother believes that the level of support was inadequate.
The father is forty-seven years old and also in apparent good health. He is employed by New York Presbyterian Hospital where he earns a base salary of $230,000 per year together with a $30,000 bonus that he is guaranteed to receive early next year. Under the terms of his agreement with his employer, his base salary will increase to $260,000 in 2002, together with a bonus of between 15-30% dependent upon performance and other factors. He received a $50,000 signing bonus last October when he began the new job. In addition, he earns "subproducer" income from his prior employment. To date this year he has earned approximately $34,000 from that source and anticipates an additional $20,000 this coming August. He has life insurance in place with a face value of $880,000.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-62, 46b-69a, 46b-84, 46b-160 et. seq., and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
1. That it has jurisdiction.
2. That the allegations of the Petition are proven and are true.
3. That pursuant to the Stipulated Agreement of the parties dated March 13, 2001, as well as the Acknowledgment of Paternity and the Affirmation of Paternity, both of even date therewith, as on file with the court, the defendant is the father of the minor child, SAMUEL P. VORENKAMP, born to CT Page 9024 the plaintiff on June 28, 1994.
4. That the plaintiff has an annual income, including bonus, of $145,000; that the defendant has an annual income, including his 2001 bonus and subproducer income, of $314,000; and that it is equitable and appropriate that the court consider the imputed contributions of his current spouse to his monthly living expenses. Unkelbach v. McNary,244 Conn. 350 (1998).
5. That the amount of the basic child support obligation of the parties is $383.00, which sum is the presumptive minimum level of support based upon the combined net income.
6. That it is appropriate and equitable to apply the deviation criteria set forth in Section 46b-215a-3 of the Child Support and Arrearage Guidelines Regulations, in that:
 A. It is in the best interests of the minor child [46b-215a-3 (b)(6)(B)].
 B. Other equitable factors [46b-215a-3 (b)(6)(C)].
 C. Regularly recurring contributions of a spouse. [46b-215a-3 (b)(1)(D)].
7. That, giving credit to the defendant for child support paid, there is an arrearage in child support in the amount of $5,500.00 retroactive to August 1, 2000.
 ORDER
IT IS HEREBY ORDERED THAT:
1. The parties shall have joint legal custody of the minor child, SAMUEL P. VORENKAMP, born June 28, 1994. The primary residence of the minor child shall be with the mother, subject to the reasonable, liberal and flexible visitation rights of the father Initial visitation with the father shall be in accordance with the Stipulated Agreement of the parties dated March 13, 2001, and at such other times as the parties may agree. The parties shall consult with one another concerning all major issues involving the minor child, including but not limited to, health, education, and religious affiliation and training. In the event that parties are unable to agree upon any issue regarding custody and/or appropriate visitation, they shall first bring the matter to the Family Relations Office prior to a determination by the Court. CT Page 9025
2. Commencing August 1, 2000 and monthly thereafter, the defendant shall pay to the plaintiff the sum of $1,750.00 as and for basic child support (including a contribution for daycare) for the minor child. In the event that the child is still in high school upon reaching his eighteenth birthday, then in that event, any child support order shall continue until the child reaches the age of nineteen years or the first day of the first month following his graduation from high school, whichever shall sooner occur pursuant to Section 46b-84 (b) C.G.S.
3. The parties shall share equally the cost of summer camp and other reasonable extracurricular extracurricular activities of the minor child, commencing with the summer of 2001.
4. Commencing July 1, 2001, and monthly thereafter, the defendant shall pay to the plaintiff the sum of $350.00 until such time as the arrearage in the amount $5,500.00 is paid in full.
5. The plaintiff shall maintain and pay for health insurance for the minor child in accordance with the Agreement of the parties dated March 13, 2001. Un-reimbursed medical, dental, orthodontic, optical, pharmaceutical, psychiatric, and psychological expenses for the minor child, shall be divided by the parties, 50% by the plaintiff and 50% by the defendant. The provisions of 1 Section 46b-84 (e) shall apply.
6. The defendant shall maintain, at a minimum, the existing life insurance (whether term or whole life) in the amount of $350,000, payable in a lump sum, unencumbered by any liens or loans, and shall name the plaintiff as trustee thereof for the benefit of the minor child, for so long as he has an obligation to pay child support under the terms of this decree. The defendant shall annually provide the plaintiff with satisfactory evidence that the insurance is in effect, the proper beneficiary designated, that the premiums have been paid in full, and that the policy(ies) are unencumbered.
7. The court having considered the Affidavit of counsel fees prepared by Attorney Henderson, dated March 28, 2001, as on file, the defendant shall pay to the plaintiff, within fourteen (14) days from the date of this order, the sum of $5,000.00 as and for a portion of her attorneys fees and costs incurred during this action [Section 46b-171 (a)(1) C.G.S.]; thereafter, each party shall be responsible for their respective attorneys fees and costs incurred in connection herewith.
8. The plaintiff mother shall be entitled to claim the personal exemption for the minor child commencing with the tax year 2001 and each year thereafter. CT Page 9026
9. That the Stipulated Agreement of the parties dated March 13, 2001, is fair and equitable under all the circumstances, shall be made part of the court file, and that the court incorporates same by reference in this decree as Exhibit A.[1]
10. The Court hereby orders a Contingent Wage Withholding Order pursuant to Section 52-362 C.G.S. in order to secure the payment of the child support and arrearage orders.
THE COURT
SHAY, J.